Aguiar, J.
This appeal raises six issues which all go to whether there were errors of law made by three judges to preclude defendant Foley from opposing the claims of the plaintiffs that he is personally liable and prohibiting him from introducing evidence to defeat such claims.
We find there was no error.
This is an action brought in the Superior Court by plaintiffs against New England Construction Management Group, Inc. and Stephen T. Foley for failure to provide insurance during the construction of mini-storage facilities. On December 24, 1985, 11 days after the contract was signed, a fatal accident occurred on the premises during the course of construction, involving James Marashio. Shortly thereafter the plaintiffs learned for the first time that no insurance had been placed by the defendant corporation and the defendant Stephen T. Foley. When litigation for wrongful death ensued, the plaintiffs were required to hire counsel to defend their interests and they incurred legal fees. This action was brought to recover said legal fees paid.
In the pretrial memorandum plaintiffs claim that defendant Foley has a long history and pattern of dubious business dealings; that he has a regular business practice of hiding behind the corporate veil to shield himself from personal liability for his wrong actions and improper business practices. Defendants claim that they were not required to procure insurance to cover the fatality that occurred; that when the defendant corporation went bankrupt, the plaintiffs amended their complaint, adding Stephen T. Foley, individually, as a defendant.
Defendant Foley failed to answer interrogatories and at the August 26, 1996 hearing for sanctions, plaintiffs’ counsel brought to the court’s attention information which alleged that several of Foley’s interrogatory answers were false and that Foley had relied upon an outright misrepresentation in an argument made to the court (in support of a motion to dismiss) that service on him was improper. Judge Volterra found that the defendant Stephen T. Foley has willfully and contemptuously failed to answer interrogatories. ‘This contumacious conduct aimed *59 at defeating the claim of the plaintiff cannot be countenanced.” Judge Volterra further ruled that “accordingly, pursuant to Mass. R. Civ. R, Rule 37(b), the defendant Stephen T. Foley is precluded from opposing the claims of the plaintiffs that he is personally liable and the defendant Foley is prohibited from introducing evidence to defeat such claims. The defendant is given 30 days to supplement the answers. Failure will result in fines of $500 per day that the interrogatories are not answered appropriately.” Defendant filed a motion to vacate the August 26,1996 order in the Superior Court. The case was remanded to the District Court Department prior to a ruling on the motion. Thereafter, defendant Foley filed a motion for summary judgment as to his personal liability. Judge Black took notice of Judge Volterra’s order of August 26,1996, and noted that in opposition to defendant Foley’s motion for summary judgment there contained an affidavit by plaintiff Walter Wentzell in which he states that defendant Foley orally agreed to obtain the insurance coverage which would have protected the plaintiffs. Judge Black granted summary judgment to plaintiffs on the issue of liability only. Defendant Foley then asked the court to rule on his previously filed motion to vacate order. In opposition to defendant Foley’s motion to vacate order, plaintiffs argued that defendant Foley has continued to flout Judge Volterra’s order. On February 14, 1997, Judge Black ruled that Judge Volterra’s order was “an appropriate response to Foley’s adolescent and contumacious conduct and that such behavior cannot be countenanced.” Judge Black denied that motion to vacate and directed the plaintiffs to schedule a hearing on the issue of damages. Said hearing was held on May 15,1997 and the parties stipulated that the amount of expenses incurred by the plaintiffs in defending the wrongful death was $28,782.30. Judge Winslow found for the plaintiffs against defendant Stephen T. Foley in the amount of $28,782.30, plus interest of $29,281.12 and costs of $180.80 for a total of $58,244.22.
Judge Volterra found that the defendant Foley was guilty of willful misconduct. The defendant has chosen to continue his defiance of the court order, and has conveyed away an asset. The serious sanction imposed by the court was brought about by the defendant Foley’s own actions. We find that there was no abuse of the judge’s discretion in this matter. In Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401 (1987), the Supreme Judicial Court upheld the entry of a default judgment as a sanction for a party’s failure to comply with discovery orders. In the instant case, defendant Foley is guilty of willful misconduct. In addition, defendant Foley conveyed away one of his assets following the August 26, 1996 order holding him personally liable. Judge Black agreed with Judge Volterra. We find there was no abuse of Judge Black’s discretion in this matter. On the issue of damages Judge Winslow awarded the plaintiffs damages in the amount of $28,782.30, the amount stipulated to, for defending the wrongful death case. The cost of collection in the instant lawsuit was not allowed. We find there was no error.
Defendant Foley raises the following appeal issues.
(1) Was it an abuse of discretion tantamount to an error of law to allow plaintiffs’ motion to amend their complaint to add defendant Foley as a party seven years after the action had been brought? There was no error. This goes to the issue of liability which has already been decided.
(2) Was it an error of law to deny defendant’s motion to dismiss? No error. This goes to the issue of liability which has already been decided.
(3) Was it an abuse of discretion tantamount to an error of law not to vacate an order of the Superior Court that precluded defendant from offering evidence in opposition to plaintiffs’ claim? No error. This goes to the issue of liability which has already been decided.
(4) Whether or not it was an abuse of discretion to refuse to vacate the discovery order, was it error to deny summary judgment to defendant and grant it to plaintiffs on the grounds (a) that the complaint and the plaintiffs’ affidavit, even if *60 unopposed, did not establish a basis for granting summary judgment, (b) that defendant was under no duty to purchase insurance for plaintiffs, (c) that plaintiffs have shown no basis for piercing the corporate veil (if that issue is even properly before the court), (d) that the statute of limitations has run on plaintiffs action against defendant, and (e) that any breach of the contract alleged was not the cause of any damage suffered by plaintiffs? No error — this goes to the issue of liability which has already been decided.
(5) Was it error to deny at the hearing on assessment of damages defendant’s requests numbered 1,7,8,9,10 and 11? No error — this goes to the issue of liability which has already been decided.
(6) Having granted defendant’s request for rulings numbered 2, 3, 4, 5 and 6, was the court required on the evidence presented to grant defendant’s request numbered 11? No error — this goes to the issue of liability which'has already been decided and there was a stipulation as to damages for defending the wrongful death case. Chapter 231, section 6C governs prejudgment interest in contract cases. It provides that interest begins with the date of breach or the date of demands. There was no error in awarding of prejudgment interest.
For all of the above reasons the appeal is dismissed.